722-19/MEU/MAM
FREEHILL HOGAN & MAHAR, LLP
Attorneys for Petitioner
80 Pine Street
New York, NY  10005
(212) 425-1900
(212) 425-1901 fax
Michael E. Unger
Manuel A. Molina

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
LOUIS DREYFUS COMPANY FREIGHT ASIA PTE. LTD.,

                    Petitioner,

- against -

XCOAL ENERGY AND
RESOURCES GMBH,

                    Respondents.
----------------------------------------------------------------x

11 Civ __ ( )

**PETITION TO COMPEL ARBITRATION PURSUANT TO 9 U.S.C. §§ 1** *et seq.*

Petitioner, LOUIS DREYFUS COMPANY FREIGHT ASIA PTE. LTD. (hereinafter "LDC"), by its attorneys Freehill Hogan & Mahar, LLP, as and for its Petition against Respondent, XCOAL ENERGY AND RESOURCES GMBH (hereinafter "XCoal"), alleges upon information and belief as follows:

**JURISDICTION**

1. This Petition to compel arbitration is made pursuant to 9 U.S.C. § 1 *et seq.*, in violation of the parties' written agreement to arbitrate in New York.

517933.1

2. This is a maritime and admiralty action within the jurisdiction of the United States District Courts (28 U.S.C. § 1333) and within the meaning of Rule 9(h) of the Federal Rules of Civil Procedure.

## THE PARTIES

3. Petitioner LDC, at all times hereinafter mentioned, was and still is a foreign business entity organized and existing under the laws of a foreign country, with an office and place of business located at 12 Marina Boulevard, Marina Bay Financial Center Tower 3, #33-03, 018982, Singapore.

4. Respondent XCoal, at all times hereinafter mentioned, was and still is a legal entity duly organized and existing under and by virtue of the laws of Switzerland with an office and place of business at One Energy Place, Suite 9000, Latrobe, PA 15650.

## THE NATURE OF THE PARTIES' DISPUTE

5. On or about February 15, 2019, LDC, as Owners, and XCoal, as Charterer, entered into a voyage charterparty based on an amended Americanized Welsh Coal Charter form (hereinafter "the Charter Party"). The Charter Party provided for the carriage by LDC of "75,000MT/10% MOLOO [more or less at Owner's option] COKING COAL" from the Port of Gladstone, Australia to the Port of Quingdao, China. (Exhibit A annexed hereto).

6. The Charter Party contains a clause which provides for the application of United States Maritime Law and arbitration in New York, New York. (Exhibit A, at Clause 5 and Additional Clause 54). Clause 5 expressly states in pertinent part as follows:

2

517933.1

> 5. If any dispute or difference should arise under this Charter, same to be referred to three parties in the City of New York, one to be appointed by each of the parties hereto, the third by the two so chosen, and their decision, or that of any two of them, shall be final and binding, and this agreement may, for enforcing the same, be made a rule of Court. Said three parties to be commercial shipping men.

7. Additional Clause 54, entitled 'Arbitration Law' states in relevant part:

***

> US Maritime Law will govern any dispute under this Charter Party, and to the extent that such body of law needs to be supplemented, by the laws of the State of New York.

8. Accordingly, LDC and XCoal unambiguously selected "the City of New York" as the proper place of arbitration, with the application of "US Maritime Law" supplemented as need be by "the laws of the State of New York."

9. On or about March 24, 2019, a shipment of 80,203.00 MT of coking coal was loaded on board the M/V HAKUTA at the Port of Gladstone, and discharge of the cargo was completed on May 7, 2019 at the Port of Wenzhou, China.

10. On September 13, 2019, LDC issued a final invoice to XCoal in the amount of $413,718.07. (Exhibit C annexed hereto).

11. Between September 23, 2019 and November 27, 2019, LDC repeatedly requested that XCoal remit payment. (Exhibit D annexed hereto). To date, LDC's invoice remains outstanding.

12. On December 10, 2019, LDC demanded that XCoal arbitrate the parties' dispute in New York in accordance with Clause 5 of the Charter Party. (Exhibit E annexed hereto).

13. To date, LDC's demand for arbitration has been ignored and XCoal has failed to nominate its arbitrator as required by Clause 5 of the Charter Party.

## **RELIEF REQUESTED**

14. Based on the foregoing facts, and under the well-established principles of U.S. law, LDC and XCoal are contractually bound to arbitrate LDC's claims in New York.

15. A written arbitration demand was made upon XCoal, and LDC has appointed its arbitrator, Mr. David Martowski.

16. XCoal, in violation of its contractual obligation to arbitrate under the Charter Party and the Federal Arbitration Act, has wrongfully ignored LDC's Arbitration Demand.

17. XCoal's failure to comply with the terms of the agreement has necessitated the making of this application. Accordingly, LCD respectfully requests that the Court direct XCoal to immediately proceed to arbitration under the terms of the Charter Party and appoint its arbitrator. LCD also requests that it be awarded the costs and attorneys' fees incurred in making this Petition.

WHEREFORE, Petitioner prays in accordance with the provisions of the Federal Arbitration Act, that this Honorable Court enter an Order:

(1) directing Respondents to proceed immediately to arbitration under the terms of the Charter Party, dated February 15, 2019;

(2) directing Respondents, within twenty (20) days of this Court's order, to appoint an arbitral nominee in accordance with the terms of the Charter Party's Arbitration Clause, failing which, Petitioner will be permitted to appoint a second arbitrator on Respondent's behalf; and

(3) awarding LDC that costs and fees associated with this Petition, including disbursements and attorneys' fees and such other and further relief as the court deems just and proper.

Dated: New York, New York
January 10, 2020

                        FREEHILL HOGAN & MAHAR, LLP
                        Attorneys for Petitioner

By: _____
     Michael E. Unger
     Manuel A. Molina
     80 Pine Street, 25th Floor
     New York, NY  10005
     (212) 425-1900